ALICE D. WEIDER, PROSECUTRIX, v. THE BOARD OF EDUCATION OF THE BOROUGH OF HIGH BRIDGE, IN THE COUNTY OF HUNTERDON, AND THE STATE BOARD OF EDUCATION, DEFENDANTS.

Submitted October 13, 1933—Decided January 31, 1934.

Before Justices CASE, BODINE and DONGES.

For the prosecutrix, *Nicholas O. Beery.*

For the defendants, *Pitney, Hardin & Skinner (Mahlon Pitney,* of counsel).

The opinion of the court was delivered by

CASE, J. Mrs. Alice D. Weider, prosecutrix, was and had been for more than three years employed by the board of education of the borough of High Bridge in the capacity of

teacher of physical training. She was qualified to teach that, and no other, subject. The position taken in her behalf is that, notwithstanding the circumstances hereinafter stated, she was entitled, by reason of tenure, to be retained as a full-time teacher of physical training exclusively. Her employment was terminated by reason of the decision of the board of education, supported by a popular vote, to abolish the position of "special supervising instructor of physical training." Prosecutrix protests that she was not employed by that title. It is unimportant. The phrase is at least descriptive of her work and undoubtedly had direct and specific reference to it. Her services were ended by board action, and this action, in turn set aside by the state commissioner of education and re-established by the state board of education, is now before us on writ of *certiorari,* as is also the action in that respect of the state board.

It is admitted by the defendants that Mrs. Weider was protected by the tenure of office provisions of the New Jersey school law, chapter 243 (*Pamph. L.* 1909; 4 *Comp. Stat., p.* 4763, *pl.* 106a), and by the prosecutrix that an abolishment of her position would be sufficient reason for her dismissal. The state board found that the position was, in fact, abolished, and that the action of the local board was in good faith and not the result of prejudice or discrimination. We find likewise.

Mrs. Weider served both the grades and the high school, devoting forty-five per cent. of her time to the former and fifty-five per cent. to the latter, and received an annual salary of $1,900. Meanwhile, there was pressure for additional teaching hours in the high school English course. The borough board, in terminating Mrs. Weider's employment, spread the physical training instruction in the grades among the several teachers of other subjects, and employed a new teacher, at at annual salary of $1,400, partly to teach physical training in the high school and partly to teach English. The new teacher actually devoted five-eighths of her time to the teaching of physical instruction and the balance to teaching two classes in English and to supervision over the library. Mrs.

Weider's sole qualification was in her specialty, the supervision and teaching of physical education.

The action of the board was an abolishment of the position of, exclusively, physical instructor, and the creation, at reduced expense, of a new position involving the teaching of another subject which Mrs. Weider could not teach and the performance of other duties. The evidence discloses a public economy (*Reck* v. *Board of Commissioners of North Bergen,* 110 *N. J. L.* 173, 177; *Rath* v. *Bayonne,* 10 *N. J. Mis. R.* 962), but not a discrimination against the prosecutrix.

The writ of *certiorari* will be dismissed, with costs.