RUSSELL McLAIN, Plaintiff-Appellant, v. BOARD OF EDUCATION OF GEORGETOWN COMMUNITY UNIT SCHOOL DISTRICT NO. 3 OF VERMILION COUNTY, Defendant-Appellee.

Fourth District   No. 14996

Opinion filed December 29, 1978.

R. W. Deffenbaugh, of Drach, Terrell & Deffenbaugh, P. C., of Springfield, for appellant.

Wright and Wright, of Danville, for appellee.

Mr. PRESIDING JUSTICE REARDON delivered the opinion of the court:

The plaintiff, Russell McLain, was a tenured teacher employed by the defendant, Board of Education of Georgetown Community Unit School District No. 3 of Vermilion County (hereinafter referred to as Board), during the 1976-77 school term. On March 29, 1977, the plaintiff received

notice from the Board that he had been honorably dismissed due to the elimination of the full-time drivers education position which he held.

Prior to the commencement of the 1977-78 school term, the Board hired Kristine Patton, a nontenured teacher, to teach two classes of junior high health, two classes of girls' junior high physical education, and one class of boys' and girls' sixth grade physical education. The plaintiff made a demand upon the school district for the position held by Patton on the grounds that he was entitled to preferential hiring under section 24—12 of the School Code (Ill. Rev. Stat. 1977, ch. 122, par. 24—12). When the Board failed to honor his demand, the plaintiff, on December 5, 1977, filed a complaint for declaratory judgment and a petition for writ of mandamus in the circuit court of Vermilion County requesting the court to declare the plaintiff to be entitled to a position as a full-time teacher and to direct the Board to reinstate him as such. Plaintiff also sought damages from the Board equal to the amount of salary he would have earned had he been employed as a teacher.

In the complaint, the plaintiff alleged that he was qualified to hold the positions of eight nontenured teachers hired by the Board the year following his dismissal. During the hearing before the circuit court, the complaint was amended to permit the inclusion of the position occupied by Joe Hall, an employee under the Comprehensive Employment and Training Act of 1973 (29 U.S.C. §801 et seq. (Supp. 1973)) (hereinafter referred to as CETA), and the contention was dropped with respect to other teachers mentioned in the complaint with the exception of the position occupied by Patton. Following the hearing, the court entered an order finding against the plaintiff and in favor of the Board. On appeal, plaintiff contends he is legally qualified within the meaning of section 24—12 to fill the positions presently held by Patton and Hall.

Section 24—12 of the School Code provides in part:

"If a teacher in contractual continued service is removed or dismissed as a result of a decision of the board to decrease the number of teachers employed by the board or to discontinue some particular type of teaching service, written notice shall be given * * *, and in all such cases the board shall first remove or dismiss all teachers who have not entered upon contractual continued service before removing or dismissing any teacher who has entered upon contractual continued service and who is legally qualified to hold a position currently held by a teacher who has not entered upon contractual continued service. * * * If the board within 1 calendar year thereafter increases the number of teachers or reinstates the position so discontinued, the positions thereby becoming available shall be tendered to the teachers so removed

or dismissed so far as they are legally qualified to hold such positions." (Ill. Rev. Stat. 1977, ch. 122, par. 24—12.)

It is clear that this section grants to an honorably dismissed tenured teacher a right to fill any new or reinstated positions within one year of his dismissal, provided that he is "legally qualified" to hold such a position.

The parties do not dispute that the plaintiff is qualified to teach the subject matter taught by Patton or to perform Hall's duties as a full-time substitute teacher in grades 6 through 12. What is disputed is whether the plaintiff is ineligible to fill either position on grounds unrelated to plaintiff's professional certification and not contemplated by the statute. It is quite clear from the uncontroverted evidence presented at the hearing that Hall is a Federal employee assigned to the school district under the provisions of the CETA program. Since Hall is indirectly paid by the county of Vermilion which administers the CETA program, and since Hall is not under written contract with the Board, it is evident that the position occupied by Hall is not a new or reinstated position funded by the district which would be available to the plaintiff within the meaning of section 24—12.

The remaining question to be resolved is whether the Board in its discretion may refuse to tender to the plaintiff the position held by Patton, despite plaintiff's professional certification, because the position included responsibilities for supervising the locker room during changing and showering after class in the two girls' junior high physical education classes. Plaintiff maintains that section 24—12 is mandatory and confers no such discretion upon the Board, and that the Board could engage the assistance of teachers' aides to supervise the locker and shower room. We do not agree.

■■■ The whole purpose of the tenure provisions of the School Code is to assure teachers of experience and ability a continuous service and rehiring based upon merit rather than failure to be rehired for reasons that are political, partisan, or capricious. (*Relph v. Board of Education* (1977), 51 Ill. App. 3d 1036, 1039-40, 366 N.E.2d 1125.) Courts cannot allow school boards, whether in good or bad faith, to rearrange teaching assignments or positions in ways which defeat the rights of tenured teachers and circumvent the purpose and spirit of the tenure laws. (*Hagopian v. Board of Education* (1978), 56 Ill. App. 3d 940, 944, 372 N.E.2d 990; *Relph.*) Nevertheless, section 24—1 of the School Code (Ill. Rev. Stat. 1977, ch. 122, par. 24—1) provides that it is the duty of school boards to appoint all teachers and determine qualifications of employment. Where the legislature has empowered a school board to perform certain acts, courts will not interfere with the exercise of those powers, or substitute their discretion for that of the school board, unless

the board's action is palpably arbitrary, unreasonable, or capricious. *Cohn v. Board of Education* (1970), 118 Ill. App. 2d 453, 457-58, 254 N.E.2d 803, 805.

In the instant case, the superintendent of Georgetown Community Unit School District No. 3, Derry Behm, testified at the hearing that the only reason that the plaintiff was not hired for the position held by Patton was because of plaintiff's sex. While at first glance it may appear that the use of teachers' aides is a reasonable resolution of the problem, this court has no authority to define the roles of school board employees. The use of teachers' aides is within the delegated discretion of the school board. We are not prepared to mandate that, in order to satisfy the requirements of section 24—12, a school board must hire additional personnel at an increased cost to do the work which one teacher could perform, merely to provide a position for a tenured teacher previously dismissed because of economic cutbacks. Furthermore, it is not unreasonable for the Board to determine that the supervision of the girls' locker room during changing of clothes and showering requires the actual presence of a certified teacher rather than a noncertified aide to handle any emergencies quickly and effectively and to render instruction concerning personal hygiene.

■■ Plaintiff has made no argument of bad faith by the Board, nor has he made any allegation of restructuring of positions to eliminate the possibility of reassigning the plaintiff to another position. While plaintiff may be "legally qualified" to teach the subjects currently being taught by Patton, it is clear that plaintiff cannot fulfill all the responsibilities of the position because of his sex. We conclude that since sex is a bona fide factor in the performance of the duties attendant to the position held by Patton, the Board did not violate the spirit and purpose of section 24—12 in failing to tender that position to the plaintiff.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

MILLS and GREEN, JJ., concur.