FLORENCE HERBACH *et al.*, Plaintiffs-Appellees, *v.* THE BOARD OF EDUCATION FOR SCHOOL DISTRICT NO. 73, COOK COUNTY, Defendant-Appellant.

First District (4th Division)    No. 79-2011

Opinion filed March 26, 1981.—Rehearing denied April 16, 1981.

John F. Canna and David P. Kula, of Anthony Scariano & Associates, of Chicago Heights, for appellant.

Gilbert Feldman, of Cornfield & Feldman, of Chicago, for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Plaintiffs, Florence Herbach and Bonnie Turell, were dismissed public school teachers. They brought an action in the circuit court of Cook

County for a writ of *mandamus* directing defendant to reinstate one of them to a teaching position for the 1979-80 school year. The court issued the writ of *mandamus* directing defendant to reinstate plaintiff Turell. Judgment was entered and defendant appeals. We reverse.

Defendant presents the following issues for review: (1) whether section 24—12 of the Illinois School Code (Ill. Rev. Stat. 1977, ch. 122, par. 24—12) requires a school board to reassign teachers in order to create a position for a tenured teacher who was dismissed for economic reasons; and (2) if so, whether the tenured teachers employed by defendant can be reassigned so that tenured teachers are assigned to all classes.

Plaintiffs were teachers employed by defendant prior to and during the 1978-79 school year. Defendant is the Board of Education for District No. 73 (East Prairie School District), Cook County, Illinois (hereafter the Board), organized and operating pursuant to the Illinois School Code. Plaintiffs were "tenured" teachers, that is, they entered upon "contractual continued service" as defined in section 24—11 of the School Code (Ill. Rev. Stat. 1977, ch. 122, par. 24—11). Plaintiff Turell was a first grade teacher and plaintiff Herbach taught language arts in the District No. 73 junior high program.

During the 1978-79 school term, plaintiffs were notified in writing that they would be dismissed from employment at the conclusion of the 1978-79 term. The dismissal was due to a decision of the Board to decrease the number of teachers employed because of declining enrollment, uncertainty of funding, and the discontinuance of teaching positions.

The East Prairie School District operates only one building and employs approximately 30 teachers. It is an elementary school district comprising kindergarten through grade 8. There is a "departmentalized" program of instruction for students in grades 4-8 which assigns teachers to particular subject areas, such as mathematics, science, English, and social studies, for more than half of the instructional periods assigned to that teacher.

After plaintiffs' dismissal at the conclusion of the 1978-79 school year, the Board retained three nontenured teachers (Stephen Kier, Michelle Williams, and Debbie Rea), for the 1979-80 school term. In 1978-79, Stephen Kier was a departmentalized mathematics instructor for grades 7-8; Michelle Williams was the art instructor for grades K-8; and Debbie Rea was a speech correction instructor for grades K-8. Neither plaintiff—Florence Herbach or Bonnie Turell—is legally qualified to teach any of the positions held by the nontenured teachers during the 1978-79 school term. Only one tenured teacher, Linda Anderson, and one nontenured teacher, Stephen Kier, were qualified to teach mathematics. No tenured teachers were qualified to teach art or speech correction.

Legal qualifications for teaching departmentalized mathematics is

established in the regulations of the State Board of Education as set forth in chapter VII of the *Illinois Program for Education, Supervision and Recognition of Schools* (hereafter Document No. 1). Section 7—2 of Document No. 1 requires that all teachers of junior high and departmentalized upper elementary grades must possess at least 18 semester hours of educational training in the area of major teaching assignment, that is, the subject area which comprises more than 50 percent of instruction periods assigned to a teacher.

Due to declining enrollment, the number of teachers employed by the Board had been reduced yearly since the 1976-77 school year. The reductions have necessitated the reassignment of teachers to different classes which they were qualified to teach.

Plaintiffs' complaint sought declaratory relief and an injunction directing the reinstatement of one of the two plaintiffs to a teaching position in School District No. 73. Defendant moved for a transfer of the cause to the law division of the circuit court of Cook County on the basis that plaintiffs' action was actually one for *mandamus*. The case was subsequently reassigned to the law division and proceeded as a *mandamus* action.

The parties made cross-motions for summary judgment on the basis that there was no genuine issue as to any material fact and that the issue presented, namely, the entitlement of one of the plaintiffs to a teaching position, was a matter of law. The essential facts were established by the pleadings, stipulation of the parties, and the affidavits of Mildred Haggerty, a teacher at School District No. 73, and Enno S. Lietz, the director of the Public School Approval Committee of the Department of Recognition and Supervision, Illinois Office of Education.

Plaintiffs did not allege that defendant's action was taken in bad faith. Under plaintiffs' interpretation of section 24—12 of the School Code, only one of the plaintiffs is entitled to reinstatement because tenured teachers are dismissed inversely according to the length of service within the District. On October 29, 1979, the writ of *mandamus* issued by the trial court directed defendant to offer employment to plaintiff Turell on the basis that she had greater continuous service in the District than plaintiff Herbach. On November 1, 1979, defendant filed notice of appeal.

Defendant contends that section 24—12 of the School Code of Illinois (commonly referred to as the teacher tenure law) does not require the reassignment of teachers in order to create a position for a tenured teacher dismissed for economic reasons. Furthermore, section 24—12 of the School Code plainly and unambiguously renders plaintiffs ineligible for a teaching position. The plain language of the statute requires that plaintiffs themselves be qualified to hold the position held by a nontenured teacher.

Section 24—12 of the School Code (Ill. Rev. Stat. 1977, ch. 122, par. 24—12), which governs the procedure for dismissal of tenured teachers, provides in pertinent part:

> "If a teacher in contractual continued service is removed or dismissed as a result of a decision of the board to decrease the number of teachers employed by the board or to discontinue some particular type of teaching service, written notice shall be given the teacher by registered mail at least 60 days before the end of the school term, together with a statement of honorable dismissal and the reason therefor, and in all such cases the board shall first remove or dismiss all teachers who have not entered upon contractual continued service before removing or dismissing any teacher who has entered upon contractual continued service and who is legally qualified to hold a position currently held by a teacher who has not entered upon contractual continued service."

Plaintiffs contended, and the trial court agreed, that the statutory language in section 24—12, beginning with the words, "and in all such cases," means that the Board must reassign classes to the tenured teachers to make a position available for one of the plaintiffs, even though neither plaintiff is legally qualified to hold a position currently held by a teacher who had not entered upon contractual continued service.

■■ The statutory language compares the legal qualifications of the dismissed tenured teacher and the legal qualifications necessary to hold a particular position which is currently held by a nontenured teacher. Accordingly, if the dismissed tenured teacher has such qualifications, then the tenured teacher has the statutory right to "bump" the nontenured teacher. This court continues to hold that section 24—12 does require the school board, when reducing staff, to dismiss a nontenured teacher before dismissing any tenured teacher who is legally qualified to hold the position currently held by the nontenured teacher. (See *Lenard v. Board of Education* (1978), 57 Ill. App. 3d 853, 373 N.E.2d 477.) The School Code created a liability where none would otherwise exist and must, therefore, be strictly construed. (*Lenard*, at 864.) Strict construction mandates that the legal qualifications under section 24—12 requires satisfaction of all educational requirements to teach in a position, including those in Document No. 1.

Our holding in *Lenard* was affirmed by the Illinois Supreme Court. It also found that Document No. 1 furnished objective standards for measuring a teacher's qualifications under section 24—12. (*Lenard v. Board of Education* (1978), 74 Ill. 2d 260, 268, 384 N.E.2d 1321, 1326.) Document No. 1 sets forth the following minimum requirements for a teacher of junior high and departmentalized upper elementary grades:

> "7—2.1   18 semester hours in the area of major teaching assign-

ment, including at least 5 semester hours in each course where subject matter areas are divided into two or more specific courses. This requirement also applies to teachers of the 6th, 7th, and/or 8th grade where the organizational pattern is a junior high or the instructional pattern is in part or entirely departmentalized. When departmentalized in part, the requirement only applies to the departmentalized teachers.

This regulation will not apply to teachers who were employed in a departmentalized position prior to September 1, 1973. Teachers not meeting the requirement and having been assigned to a departmentalized teaching situation for the first time as of September 1, 1973, shall have five years to gain the necessary 18 semester hours.

7—2.2 By September 1, 1978, all teachers (except those employed prior to September 1, 1973) assigned departmentalized responsibility shall meet the 18 semester hour requirement. This regulation applies only to the subject area which comprises more than 50% of the instructional periods assigned to a teacher."

Such requirements are in furtherance of the objective of the teacher tenure law, which is to assure continuous service on the part of teachers of ability and experience. (*Lenard*, at 268.) The supreme court further concluded that those standards promulgated in Document No. 1 are to be incorporated into the meaning of the phrase "legally qualified" as it appears in section 24—12 of the School Code. *Lenard*, at 268-69.

■■ We hold that plaintiffs Herbach and Turell do not meet the minimum requirements for the positions held by the nontenured teachers; they are not "legally qualified" to hold those positions; and, therefore, they are not entitled to be reinstated.

Defendant contends that its interpretation of section 24—12 is supported even in light of the recent amendment to that provision. By this amendment, the following was added to the first paragraph of section 24—12:

"As between teachers who have entered upon contractual continued service, the teacher or teachers with the shorter length of continuing service with the district shall be dismissed first unless an alternative method of determining the sequence of dismissal is established in a collective bargaining agreement or contract between the board and a professional faculty members' organization and except that this provision shall not impair the operation of any *affirmative action program in the district, regardless of whether it*

exists by operation of law or is conducted on a voluntary basis by the board." (Ill. Rev. Stat. 1979, ch. 122, par. 24—12.)

Accordingly, as between tenured teachers, the more senior tenured teachers are entitled to positions held by less senior tenured teachers, if they are legally qualified for the positions held by the less senior tenured teachers. Likewise, the Board must first remove all nontenured teachers who are not legally qualified before removing tenured teachers who are legally qualified. The amendment continues to charge that a teacher who is retained must possess the legal qualifications necessary to hold that position.

■■ The whole purpose of the tenure provisions of the School Code is to assure teachers of experience and ability a continuous service and rehiring based upon merit rather than failure to be rehired for reasons that are political, partisan, or capricious. Section 24—1 of the School Code (Ill. Rev. Stat. 1977, ch. 122, par. 24—1) provides that it is the duty of school boards to appoint all teachers and determine qualifications of employment. Where the legislature has empowered a school board to perform certain acts, courts will not interfere with the exercise of those powers or substitute their discretion for that of the school board unless the board's action is palpably arbitrary, unreasonable, or capricious. *McLain v. Board of Education* (1978), 66 Ill. App. 3d 1024, 1026-27, 384 N.E.2d 540, 542.

We hold that the Board was not required to reassign positions in order to create a position for one of the plaintiffs; that the Board's action dismissing plaintiffs was in compliance with the statutory language of section 24—12 of the School Code; and that its action was not arbitrary, unreasonable, or capricious.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

ROMITI, P. J., and LINN, J., concur.