(No. 56860.—

JANET M. PETERS, Appellee, v. THE BOARD OF EDUCATION OF RANTOUL TOWNSHIP HIGH SCHOOL DISTRICT NO. 193 OF CHAMPAIGN COUNTY, Appellant.

*Opinion filed June 17, 1983.—Rehearing denied September 30, 1983.*

Robert A. Mathis, of Rantoul, for appellant.

Drach, Terrell & Deffenbaugh, P.C., of Springfield, for

appellee.

Gilbert Feldman, of Cornfield & Feldman, of Chicago, for *amicus curiae* Illinois Federation of Teachers.

Miller & Tracy Law Offices, P.C., of Monticello, for *amicus curiae* Illinois Association of School Boards.

JUSTICE WARD delivered the opinion of the court:

In April 1981 the plaintiff, Janet M. Peters, a tenured high school English teacher, received notice from the defendant board of education of Rantoul Township High School District No. 193 of her honorable dismissal effective at the conclusion of the 1980-81 school year. The dismissal was stated to be, in the language of section 24—12 of the School Code (Ill. Rev. Stat. 1981, ch. 122, par. 24—12), because of the discontinuance of the "particular type of teaching service" in which the plaintiff was engaged. On July 28, 1981, she filed a complaint in the circuit court of Champaign County for a writ of *mandamus* ordering her reinstatement as a full-time teacher at the school and the recovery of any damages she might suffer from the loss of employment. On August 18, 1981, the circuit court entered an order striking the complaint. The appellate court reversed the judgment and remanded the cause to the circuit court with directions to issue a writ of *mandamus*. (106 Ill. App. 3d 77.) We allowed the petition of the board of education for leave to appeal. 73 Ill. 2d R. 315.

Peters was initially hired by the board of education to teach during the 1976-77 school year. That year, and each year thereafter, she taught five English classes and occasionally supervised study halls. At the conclusion of the 1980-81 school year, another English teacher, who had been conducting three English classes and one journalism class and who had supervised the preparation of the school's yearbook and newspaper, resigned from the staff. The plaintiff was not academically qualified under stand-

ards of the Superintendent of Public Instruction to teach journalism and was not offered the assignment. Another English teacher, Ms. Fejes, who was also qualified to teach journalism, was assigned a full load of English classes for the 1981-82 school year. She had taught five English classes each year since the 1976-77 school year. A non-tenured teacher was hired by the board of education in the summer of 1981 to fill the resigning teacher's position in the 1981-82 school year.

According to Peters' complaint for a writ of *mandamus,* the board of education assigned Frank Bell, of its faculty, to conduct, in the 1981-82 school year, three classes of world history and two classes of United States history, and to give assistance in coaching the men's wrestling team. Bell had less seniority on the faculty than the plaintiff.

Peters was legally qualified to teach English and world history, but not United States history. Relying on statutory tenure provisions, she demanded that the board of education recombine English classes from the resigning teacher's position and world history classes from Mr. Bell's assignment in order to create a teaching position for which she would be legally qualified. The board of education refused, stating that defining a teaching position or assignment is within a school board's discretion and that a teacher dismissed because of a reduction in staff is entitled to reinstatement only if she can demonstrate that she is legally qualified, that is, that she satisfies the minimum requirements under the statute of a position or assignment as defined by the school board. Peters could not fill, the board of education observes, either the resigning teacher's position or Mr. Bell's position since she was not qualified to conduct classes in either journalism or United States history. The petitioner does not dispute her want of these qualifications.

A tenured teacher is said to be "in contractual continued service." Article 24 of the School Code (Ill. Rev. Stat.

1981, ch. 122, par. 24—1 *et seq.*), commonly referred to as the Teacher Tenure Law, sets out tenure rights which Peters relies on to support her complaint:

"Removal or dismissal of teachers in contractual continued service. If a teacher in contractual continued service is removed or dismissed as a result of a decision of the board to decrease the number of teachers employed by the board or to discontinue some particular type of teaching service, written notice shall be given the teacher by registered mail at least 60 days before the end of the school term, together with a statement of honorable dismissal and the reason therefor, and in all such cases the board shall first remove or dismiss all teachers who have not entered upon contractual continued service before removing or dismissing any teacher who has entered upon contractual continued service and who is legally qualified to hold a position currently held by a teacher who has not entered upon contractual continued service. *** If the board has any vacancies for the following school term or within one calendar year from the beginning of the following school term, the positions thereby becoming available shall be tendered to the teachers so removed or dismissed so far as they are legally qualified to hold such positions. ***" (Ill. Rev. Stat. 1981, ch. 122, par. 24—12.)

The Teacher Tenure Law is designed to provide continuity and stability for students, to provide teachers with some degree of job stability free from arbitrary hiring and firing, to attract teachers of high capabilities, and to provide for the retention of experienced teachers. *Johnson v. Board of Education* (1981), 85 Ill. 2d 338, 344.

We must decide whether the above-cited section, *i.e.*, section 24—12 of the School Code, required the board of education to redefine the qualifications for a teaching position or assignment in order to create a new position for the plaintiff and thus permit her reassignment.

It is the responsibility of a school board to appoint teachers and fix salaries (Ill. Rev. Stat. 1981, ch. 122, par. 10—20.7), to direct what branches of study shall be taught

(Ill. Rev. Stat. 1981, ch. 122, par. 10—20.8), and to examine and employ teachers (Ill. Rev. Stat. 1981, ch. 122, par. 10—21.1). Additionally, a school board has the power to dismiss a teacher, subject, however, to the provisions of sections 24—11 to 24—15 of the Teacher Tenure Law. Ill. Rev. Stat. 1981, ch. 122, par. 10—22.4.

Though the discretion exercised by a school board in making teacher assignments "must be exercised with extreme caution and circumspection in order *** [to protect] *** teachers from political, partisan, capricious, fickle, and irregular decision making" (*Newman v. Board of Education* (1981), 98 Ill. App. 3d 976, 984), it is clear that "[w]here the legislature has empowered a school board to perform certain acts, courts will not interfere with the exercise of those powers, or substitute their discretion for that of the school board, unless the board's action is palpably arbitrary, unreasonable, or capricious." *McLain v. Board of Education* (1978), 66 Ill. App. 3d 1024, 1026-27.

The trial court, in striking the complaint for *mandamus,* was correct in noting that the scheduling of classes and the assignment of teachers will not be considered simply a ministerial function of the board of education. It involves the exercising of discretion and judgment which are not matters to be controlled by a writ of *mandamus. International Harvester Co. v. Goldenhersh* (1981), 86 Ill. 2d 366, 369; *Chicago Association of Commerce & Industry v. Regional Transportation Authority* (1981), 86 Ill. 2d 179.

Further, a tenured teacher who has been dismissed because of a discontinuance of teaching positions has no right to reassignment to a position held by nontenured teachers for which the tenured teacher is not qualified. A tenured teacher must satisfy all of the minimal academic qualifications prescribed by statute for a given teaching position before the tenured teacher can invoke the statutory right to "bump" or displace a nontenured teacher. Ill. Rev. Stat. 1981, ch. 122, par. 24—12; *Herbach v. Board of Education*

(1981), 94 Ill. App. 3d 889, 892-94.

Though we disagree with the conclusion of the appellate court reached here, it was correct in noting that a dismissed tenured teacher cannot create a position that she is qualified to teach by taking and recombining courses from other teaching positions. (106 Ill. App. 3d 77, 80; see *Higgins v. Board of Education* (1981), 101 Ill. App. 3d 1003.) To permit this would usurp and, if extended, destroy the authority of the school board. The plaintiff here simply is not qualified to teach in the position in which United States history is presented, or in the position in which the course in journalism is being offered. The board of education did not "realign" courses here in order to "avoid" hiring Peters, as the appellate court concluded. The court erred in deciding that the board of education acted arbitrarily and capriciously by refusing to rehire Peters. The board made no attempt to reassign courses to create new positions so that it could deny her employment. Both the resigning teacher's and Fejes' teaching positions were established, and to require the board of education to interchange courses between them would be a usurpation of its discretionary authority. Quite clearly, the decision to combine the journalism course with certain English courses and the responsibility of supervising school publications, which was made long before the decision to dismiss Peters, was not motivated by a desire to eliminate her from the faculty. What was stated in *Higgins* applies here. There the court said that the board "did not reassign classes to create wholly new positions, nor was there a shifting of tenured and nontenured teachers so that the [dismissed teacher] was no longer legally qualified for the positions taught by [two nontenured teachers]. Rather, two established teaching positions *** were filled by nontenured teachers. The [dismissed teacher] was qualified to fill neither of these established positions." (101 Ill. App. 3d 1003, 1007.) The court in *Higgins* went on to say that "to hold

that a tenured teacher may draw a single class or two from teaching positions he is otherwise unqualified to teach and then assert rights of tenure as to that *** position of his own creation would exceed the protections offered by the statute." 101 Ill. App. 3d 1003, 1008; accord *Herbach v. Board of Education* (1981), 94 Ill. App. 3d 889, 894.

For the reasons given, the judgment of the appellate court is reversed and the judgment of the circuit court of Champaign County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

JUSTICE GOLDENHERSH, dissenting:

I dissent and would affirm the judgment of the appellate court.

The decision here would require the exercise of very little ingenuity on the part of a school board or superintendent who desired to dispense with the services of a tenured teacher. In contrast, the appellate court has given the statute a construction which protects the rights of a tenured teacher without restricting the reasonable exercise of the board's authority to assign courses to teaching positions.

It is apparent that by reassigning one English course and one course in journalism, plaintiff could have continued to be employed. This would implement the tenure act and prevent the arbitrary and capricious action taken here.

JUSTICE CLARK joins in this dissent.