CHERYL CATRON, Petitioner-Appellant, *v.* THE BOARD OF EDUCATION OF KANSAS COMMUNITY UNIT SCHOOL DISTRICT NO. 3 OF EDGAR COUNTY, Respondent-Appellee.

Fourth District   No. 4—83—0540

Opinion filed August 10, 1984.

Drach & Deffenbaugh, P.C., of Springfield, for appellant.

Miller, Tracy & Braun Law Offices, P.C., of Monticello, for appellee.

JUSTICE TRAPP delivered the opinion of the court:

Petitioner Cheryl Catron received notice in March 1982 that her position as band teacher with the Kansas Community Unit School District No. 3, Edgar County, was being reduced from full time to half-time due to the economic problems faced by the district and the small number of students involved in the junior high and high school band programs. As the district also employed a nontenured teacher, Diana ZuHone, teaching elementary music and high school speech, Catron made a demand for certain classes assigned to ZuHone for the 1982-83 school year which she, Catron, was qualified to teach. The board refused, and Catron petitioned for a writ of *mandamus* seeking reinstatement to full-time employment under section 24—12 of the School Code (Ill. Rev. Stat. 1981, ch. 122, par. 24—12). After hearing, the trial court denied the petition. Petitioner appeals the judgment of the circuit court of Edgar County. We affirm.

The single issue on appeal is whether petitioner was entitled to a full-time teaching position under the language of section 24—12 of the School Code.

The facts were largely undisputed. Petitioner holds a teaching certificate entitling her to teach kindergarten through 12th grade in the

area of music. She is a tenured teacher, employed by the district since the 1973-74 school term. During the 1979-80 school term, petitioner had two preparation periods and a band class in the morning, with a study hall and four band/chorus classes in the afternoon—five band/chorus classes in total. During the 1980-81 school term, she had a preparation period, a study hall and a band class in the morning, with a study hall, a preparation period and three band or chorus classes in the afternoon—four band/chorus classes in total. During the 1981-82 school term, petitioner again had two preparation periods and a band class in the morning, with a study hall and four band or chorus classes in the afternoon—five band/chorus classes in total combination as in 1979-80. Petitioner's half-time position for the 1982-83 school term included four band/chorus periods, as during the 1980-81 school term, all to be conducted during the last four periods of the afternoon session. Her pay and benefits were halved accordingly.

The district also had an elementary music position. In 1973, while the elementary music position was held by a Ms. Wieck, a high school speech class was added to its duties. ZuHone replaced Wieck teaching elementary music and high school speech in the 1980-81 school year. We note that ZuHone acquired tenure by operation of law at the beginning of the 1982-83 school year. Her schedule for 1982-83 was set to include a preparation period and two elementary music classes in the morning, with the high school speech class, three elementary music classes and a chorus class in the afternoon.

As petitioner is qualified to teach ZuHone's music classes, she maintains that ZuHone's morning music classes and preparation period should be added to petitioner's junior and senior high school band classes and chorus to provide her a full-time position. Petitioner makes no claim that she is qualified to teach the high school speech component of ZuHone's position. The trial court rejected petitioner's argument, relying on our supreme court's decision in *Peters v. Board of Education* (1983), 97 Ill. 2d 166, 454 N.E.2d 310. We agree.

The language of section 24—12 of the School Code reads in pertinent part:

> "If a teacher in contractual continued service is removed or dismissed as a result of a decision of the board to decrease the number of teachers employed by the board or to discontinue some particular type of teaching service, written notice shall be given *** and in all such cases the board shall first remove or dismiss all teachers who have not entered upon contractual continued service before removing or dismissing any teacher who has entered upon contractual continued service *and who is le-*

*gally qualified to hold a position* currently held by a teacher who has not entered upon contractual continued service. As between teachers who have entered upon contractual continued service, the teacher or teachers with the shorter length of continuing service with the district shall be dismissed first \*\*\*." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 122, par. 24—12.)

Under *Peters*, a dismissed tenured teacher cannot create a position that he is qualified to teach by taking and recombining courses from other teaching positions where the board of education has made no attempt to reassign courses to create new positions in order to deny him employment. The *Peters* court remarked that the language of *Higgins v. Board of Education* (1981), 101 Ill. App. 3d 1003, 1008, 428 N.E.2d 1126, 1129, aptly stated the applicable law: " 'to hold that a tenured teacher may draw a single class or two from teaching positions he is otherwise unqualified to teach and then assert rights of tenure as to that \*\*\* position of his own creation would exceed the protections offered by the statute.' " 97 Ill. 2d 166, 172-73, 454 N.E.2d 310, 313.

Any reduction in the extent of a teacher's employment falls within the meaning of "removed or dismissed" in section 24—12. (*Caviness v. Board of Education* (1978), 59 Ill. App. 3d 28, 375 N.E.2d 157.) In *Hayes v. Board of Education* (1981), 103 Ill. App. 3d 498, 431 N.E.2d 690, this court held that the statutory term "position" refers to the totality of the job to which the tenured teacher lays claim, and not to a part of it. (See also *Hagopian v. Board of Education* (1978), 56 Ill. App. 3d 940, 372 N.E.2d 990.) The statutory language permits comparison between the legal qualifications of the dismissed tenured teacher and the legal qualifications necessary to hold a particular position currently held by a nontenured, or less senior, teacher. (*Herbach v. Board of Education* (1981), 94 Ill. App. 3d 889, 419 N.E.2d 456.) If the tenured teacher is legally qualified for a position of a nontenured teacher, or of a tenured teacher with less seniority, she may be reassigned to the latter's position. The policy reflected in the statute is a preference for qualified tenured teachers over qualified nontenured teachers. (*Hankenson v. Board of Education* (1957), 15 Ill. App. 2d 440, 146 N.E.2d 194.) This policy favoring experience is likewise evident in the statutes and case law of our sister States. See *Hankenson v. Board of Education* (1957), 15 Ill. App. 2d 440, 146 N.E.2d 194, and cases cited therein; see generally Annot., 100 A.L.R.2d 1141, 1184-88, sec. 18 (1965); 68 Am. Jur. 2d *Schools* sec. 169, at 503-04 (1973).

■ When courses must be added to or removed from existing po-

sitions incidental to overall scheduling, the statutory preference for qualified tenured teachers over qualified nontenured or less senior teachers must be observed so as to give effect to the underlying policy. (See, *e.g., Hayes v. Board of Education* (1981), 103 Ill. App. 3d 498, 431 N.E.2d 690.) The dismissed tenured teacher cannot, however, create a position that he is qualified to teach by taking and recombining courses from other teaching positions. (*Peters v. Board of Education* (1983), 97 Ill. 2d 166, 454 N.E.2d 310; *Higgins v. Board of Education* (1981), 101 Ill. App. 3d 1003, 428 N.E.2d 1126.) Positions need not be reassigned or realigned to maximize the full employ of tenured teachers. (*Herbach v. Board of Education* (1981), 94 Ill. App. 3d 889, 419 N.E.2d 456.) Incidental reassignment of single courses to established teaching positions to maximize the use of staff and accommodate changes in enrollment, curriculum, and economy may be permissible—although as a result a tenured teacher is dismissed or prohibited from returning from leave—as long as the tenured teacher is (1) not qualified to teach the courses comprising the "position" of less senior teachers, and (2) teaching assignments are not aligned in bad faith to avoid the existence of a "position" which could be filled by a tenured teacher for whom dismissal was sought. (See *Higgins v. Board of Education* (1981), 101 Ill. App. 3d 1003, 428 N.E.2d 1126; *Hayes v. Board of Education* (1981), 103 Ill. App. 3d 498, 431 N.E.2d 690; see also *Weider v. Board of Education* (1934), 112 N.J.L. 289, 170 A. 631; *Bates v. Board of Education* (1949), 133 W. Va. 225, 55 S.E.2d 777. Cf. *Von Krog v. Board of Education* (Iowa App. 1980), 298 N.W.2d 339 (termination of tenured physical education teacher permissible under staff reduction provision of collective bargaining agreement since attrition of second grade and social studies teachers could not accommodate).

■ Here, ZuHone's position preexisted the decision to reduce the position of band teacher to half-time. Petitioner did not claim to be qualified to teach the speech class component of ZuHone's position. Inasmuch as petitioner did not lay claim to all that was ZuHone's position, we conclude that the trial court properly denied the relief requested in reliance on *Peters*.

Affirmed.

MILLER and WEBBER, JJ., concur.