JEAN ZINK, Petitioner-Appellant, v. THE BOARD OF EDUCATION OF CHRISMAN COMMUNITY UNIT No. 6, Respondent-Appellee.

Fourth District   No. 4—86—0029

Opinion filed September 3, 1986.

Steven L. Garst, of Ruff, Garst & Bell, of Paris, for appellant.

Brian A. Braun, of Miller, Tracy, Braun & Wilson, Ltd., of Monticello, for appellee.

JUSTICE WEBBER delivered the opinion of the court:

Petitioner, a teacher whose position had been reduced from full-time to half-time, sought a writ of *mandamus* directing the respondent school board to reinstate her to a full-time teaching position. The circuit court of Edgar County found that petitioner was not legally qualified to hold the position she was seeking and, accordingly, the court denied the petition for writ of *mandamus*. Petitioner appeals. The relevant facts follow.

Petitioner, Jean Zink, was awarded a bachelor of science degree in School Vocational Home Economics by Indiana State Teachers College in 1961. Also in 1961 the State Teacher Certification Board for the State of Illinois issued petitioner a teaching certificate for grades 6 through 12. The certificate stated that it was valid for the following subjects: clothing and textiles, food and nutrition, home management, and physical education. In 1961 petitioner began teaching home economics at Chrisman Community Unit No. 6.

In the spring of 1983 respondent, the Board of Education of Chrisman Community Unit No. 6, voted to discontinue part of its home economics program and, accordingly, respondent notified petitioner that beginning with the 1983-84 school year her position would be reduced from full-time to half-time. Petitioner advised the superintendent for the school district that she was certified to teach physical education. Petitioner sought to "bump" a full-time tenured physical education teacher with less seniority. The superintendent notified petitioner of respondent's determination that she was not qualified to teach physical education. Afterwards, petitioner filed the instant action, alleging that pursuant to section 24—12 of the School Code

(Ill. Rev. Stat. 1983, ch. 122, par. 24—12) she was entitled to the position held by David Chandler. A hearing on the petition was held November 7, 1985.

Petitioner testified to her certification and to the commencement of her teaching experience. She also testified that David Chandler, a full-time tenured physical education teacher, arrived at the school district after her. On cross-examination petitioner acknowledged that she has not taken any college-level physical education courses since 1940. She has not read any professional journals or scholarly publications relative to the teaching of physical education. She has never taught a physical education course other than as a substitute some 12 to 13 years prior to the date of the hearing. At the time of the hearing petitioners' age was 64, her weight was 225 pounds, and her height was 5 feet 6 inches. Copies of petitioner's college transcript and her teaching certificate were admitted into evidence.

Susan Bentz, the assistant State Superintendent of Education for the Illinois State Board of Education, testified that petitioner was certified to teach, in addition to other subjects, physical education. Bentz explained that at the time of petitioner's certification endorsements for specific subjects of teaching were noted on a certificate. That practice has since been discontinued. Bentz stated that because petitioner's certificate contains an endorsement for physical education she is "legally qualified" to teach physical education according to the State Board of Education. On cross-examination Bentz stated that petitioner has not met current requirements for teachers of physical education.

Ronald McIntire, the superintendent of schools of Chrisman Community Unit No. 6, testified that during the 1983-84 school year two physical education teachers were employed by the school district: David Chandler and Audrey Chandler. David Chandler's responsibilities as a physical education teacher included supervising male students in the locker room. In addition to teaching physical education, David Chandler served as the assistant varsity basketball coach and the boys' track coach. McIntire testified that the determination that petitioner was not qualified to teach physical education was based on her academic record, her lack of recent course work in physical education, and her lack of teaching experience in physical education. On cross-examination and redirect examination, McIntire stated that additional standards established by the school board for determining qualifications of teachers had not been reduced to writing.

Dr. Enno Lietz, manager of Public School Approval for the State Board of Education, testified that under current standards petitioner

would be unable to acquire a teaching certificate in physical education if she were first applying for one. The only matter giving petitioner a right to teach physical education today is the endorsement for physical education on her certificate. On cross-examination Lietz stated that if he were reviewing a teacher's qualifications he would not need to look at her academic record to determine if she were legally qualified to teach a certain subject if the teacher's certificate contained an endorsement for that subject.

By written order dated December 12, 1985, the court denied the petition, stating that petitioner is not legally qualified to teach physical education. Petitioner filed a notice of appeal on January 9, 1986.

On appeal petitioner argues that the circuit court erred in finding that she was not legally qualified to teach physical education. She argues that the endorsement for physical education on her teaching certificate establishes that she is legally qualified to teach physical education. Respondent argues that, based upon petitioner's academic record and teaching experience, she is not qualified to teach physical education. Respondent also argues that petitioner is not legally qualified to teach physical education because she is unable to assume all responsibilities carried by Chandler. Finally, respondent argues that petitioner is not legally qualified to teach physical education because she has not met current requirements for certification to teach physical education.

The statute governing removal and dismissal of tenured teachers provides as follows:

> "If a teacher in contractual continued service is removed or dismissed as a result of a decision of the board to decrease the number of teachers employed by the board or to discontinue some particular type of teaching service, written notice shall be given the teacher by registered mail at least 60 days before the end of the school term, together with a statement of honorable dismissal and the reason therefor, and in all such cases the board shall first remove or dismiss all teachers who have not entered upon contractual continued service before removing or dismissing any teacher who has entered upon contractual continued service and who is legally qualified to hold a position currently held by a teacher who has not entered upon contractual continued service. As between teachers who have entered upon contractual continued service, the teacher or teachers with the shorter length of continuing service with the district shall be dismissed first unless an alternative method of determining the sequence of dismissal is established in a collective bargaining agreement or contract between the board and a pro-

fessional faculty members' organization and except that this provision shall not impair the operation of any affirmative action program in the district, regardless of whether it exists by operation of law or is conducted on a voluntary basis by the board. Any teacher dismissed as a result of such decrease or discontinuance shall be paid all earned compensation on or before the third business day following the last day of pupil attendance in the regular school term. If the board has any vacancies for the following school term or within one calendar year from the beginning of the following school term, the positions thereby becoming available shall be tendered to the teachers so removed or dismissed so far as they are legally qualified to hold such positions." (Ill. Rev. Stat. 1983, ch. 122, par. 24—12.)

Thus, as between tenured teachers, the more-senior tenured teacher has the right to "bump" a less-senior tenured teacher, and thus avoid dismissal, if he is qualified for the position held by the less-senior teacher. (*Hancon v. Board of Education* (1985), 130 Ill. App. 3d 224, 474 N.E.2d 407, citing *Herbach v. Board of Education* (1981), 94 Ill. App. 3d 889, 419 N.E.2d 456.) The above-cited statute is designed to provide continuity and stability for students, to provide teachers with some degree of job stability free from arbitrary hiring and firing, to attract teachers of high capabilities, and to provide for the retention of experienced teachers. *Peters v. Board of Education* (1983), 97 Ill. 2d 166, 454 N.E.2d 310.

■ The dispute in the instant case concerns whether petitioner is "legally qualified" to hold the position held by David Chandler. In *Lenard v. Board of Education* (1979), 74 Ill. 2d 260, 384 N.E.2d 1321, our supreme court held that at the threshold level a teacher is "legally qualified" within the meaning of the School Code only if the teacher meets the State Board of Education's semester-hour requirements in addition to possessing a valid teaching certificate. (*Newman v. Board of Education* (1981), 98 Ill. App. 3d 976, 424 N.E.2d 1331.) Petitioner argues that she was determined to be "legally qualified" to teach physical education in 1961 at the time the State Board of Education issued a certificate containing an endorsement for physical education to her. However, the question is not whether petitioner is legally qualified to teach physical education, but, instead, whether she is legally qualified to hold the position held by David Chandler. We conclude that petitioner is not "legally qualified" to assume the position held by David Chandler.

Section 24—1 of the School Code (Ill. Rev. Stat. 1983, ch. 122,

par. 24—1) provides that "[s]chool boards shall appoint all teachers, determine qualifications of employment and fix the amount of their salaries." Consistent with section 24—1 and the purpose of the statute governing removal of tenured teachers, local school boards must be given discretion to determine whether a teacher is "legally qualified" to assume a position held by another teacher. Therefore, the definition of "legally qualified" is expanded to encompass reasonable requirements set forth by local school boards. To be "legally qualified" to assume the position held by another teacher, a teacher must be able to fulfill the responsibilities of the less-senior teacher as determined by the local school board.

■ In the instant case the respondent school board has determined that David Chandler's responsibilities include supervision of male students in the locker rooms. For obvious reasons petitioner is unable to perform this responsibility. Thus, petitioner is not "legally qualified" to assume the position held by Chandler, and her position was properly reduced from full-time to half-time.

Consistent with our holding herein is this court's earlier opinion of *McLain v. Board of Education* (1978), 66 Ill. App. 3d 1024, 384 N.E.2d 540. In *McLain* the plaintiff, a male tenured teacher, sought the positions of Kristine Patton, a female nontenured teacher of physical education and Joe Hall, a male nontenured teacher hired under the Comprehensive Employment and Training Act of 1973 (CETA) (29 U.S.C. sec. 801 *et seq.* (Supp. 1973)). It was undisputed that the plaintiff was qualified to teach the subjects held by Patton and Hall. This court first held that plaintiff could not assume Hall's position since it was a position funded by the county and administered through the CETA program rather than a position funded by the district. More importantly, this court held that plaintiff was not entitled to assume the position held by Patton since Patton's responsibilities included supervising the locker room during changing and showering after class in the girls' physical education courses taught by Patton. This court stated:

> "While plaintiff may be 'legally qualified' to teach the subjects currently being taught by Patton, it is clear that plaintiff cannot fulfill all the responsibilities of the position because of his sex. We conclude that since sex is a bona fide factor in the performance of the duties attendant to the position held by Patton, the Board did not violate the spirit and purpose of section 24—12 in failing to tender that position to the plaintiff." (*McLain v. Board of Education* (1978), 66 Ill. App. 3d 1024, 1027, 384 N.E.2d 540, 542.)

Similarly, in the instant case sex is a *bona fide* factor in determining whether petitioner is legally qualified for the position held by Chandler, and respondent did not violate section 24—12 in failing to offer the position to petitioner.

Any decision contrary to our holding herein could lead to absurd results in some instances. If we were to accept petitioner's position that proper certification is the only legal qualification required, school boards would be forced to retain teachers who are not otherwise qualified. We use an example presented by respondent below. A teacher who has met the requirements to teach both history and driver education teaches full-time history. If the teacher subsequently becomes blind, although he may still be qualified to teach history, he is not qualified to teach driver education. Accepting petitioner's position herein might mean that the school board could be forced to offer him a driver education position should his teaching position be eliminated through a reduction in force. Such is an absurd result.

Although local school boards have discretion in determining qualifications of teachers, that discretion is not unfettered. As we stated in *Newman*, "this discretion must be exercised with extreme caution and circumspection in order not to subvert another fundamental purpose of the tenure act, that being the protection of teachers from political, partisan, capricious, fickle, and irregular decision making." (*Newman v. Board of Education* (1981), 98 Ill. App. 3d 976, 984, 424 N.E.2d 1331, 1337.) We proscribe no mechanism by which that discretion is to be exercised.

For the foregoing reasons, the judgment of the circuit court of Edgar County is affirmed.

Affirmed.

McCULLOUGH, P.J., and GREEN, J., concur.