**Anna V. EPELBAUM, Plaintiff–
Appellant,**

v.

**CHICAGO BOARD OF EDUCATION,
Defendant–Appellee.**

**No. 01–1621.**

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 7, 2001 *.

Decided Sept. 10, 2001.

Rehearing and Rehearing En Banc
Denied Oct. 12, 2001.

Before Hon. FLAUM, Chief Judge,
Hon. EASTERBROOK, Hon. KANNE,
Circuit Judges.

ORDER

Appellant Anna Epelbaum, a Jewish immigrant from the former Soviet Union, worked as a day-to-day substitute teacher in the Chicago public school system from 1994 to 1998. During that time Epelbaum repeatedly applied to become a "cadre" (full-time) substitute teacher or a full-time teacher, but was not promoted to either position. After receiving a right-to-sue letter from the EEOC, Epelbaum brought suit against the Chicago Board of Edu-

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

cation alleging that the Board discriminated against her on the basis of her sex, age, and national origin in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. The district court granted summary judgment for the Board, concluding that Epelbaum failed to establish that she was qualified for the positions she sought and that she failed to demonstrate that the Board's proffered reasons for not promoting her were pretextual. Epelbaum appeals, and we affirm.

Construing her *pro se* brief liberally, as we must, Epelbaum appears to challenge the district court's judgment in two respects. First, Epelbaum argues that the district court erred by concluding that she failed to establish a *prima facie* case of age, sex, or national-origin discrimination. Epelbaum established that she was a member of a protected class. In order to present a *prima facie* case of discrimination, however, she also needed to set forth evidence showing that she was qualified for the positions she sought and that the positions were filled with individuals not in the protected class. *Gorence v. Eagle Food Ctrs., Inc.*, 242 F.3d 759, 764–65 (7th Cir.2001); *Pafford v. Herman*, 148 F.3d 658, 669 (7th Cir.1998). She failed to do so.

Epelbaum asserts that she was qualified for the full-time positions because the Illinois State Board of Education issued her a teaching certificate. Merely meeting the threshold requirements for certification by the ISBE, however, does not establish that she was qualified for the positions of cadre substitute or full-time teacher. *See* 105 ILCS 5/24–1 (school boards have authority to determine qualifications of employment); *Zink v. Bd. of Ed.*, 146 Ill.App.3d 1016, 100 Ill.Dec. 657, 497 N.E.2d 835, 839 (Ill.App.1986) (more than teacher's certificate required to show qualification for position). To determine if an individual is qualified for a particular teaching position, the Board also considers the following factors, among others: her demonstrated experience and background in the relevant subject area, whether she is certified by the Illinois Board to teach more than one subject, and her teaching philosophy and previous work experience. In response to the Board's motion for summary judgment, Epelbaum failed to present evidence that she provided information regarding these factors to the Board; in fact, she failed to even identify the job requirements for the positions she sought and present evidence that she met those requirements. She also failed to rebut facts presented by the Board showing that she was not qualified; namely, that approximately twenty schools had requested that Epelbaum not be assigned to them, and that she was escorted out of one school by security guards. Epelbaum provided nothing more than her unsubstantiated opinion that she was qualified for the positions she sought, and that is not enough to create a genuine issue of material fact and avoid summary judgment. *Cleveland v. Porca Co.*, 38 F.3d 289, 295 (7th Cir.1994). In the absence of evidence that she was qualified to be a cadre substitute or full-time teacher, Epelbaum failed to establish a *prima facie* case of discrimination and summary judgment for the Board was proper. Because she failed to set forth a *prima facie* case, we need not decide whether she rebutted the Board's proffered reasons for not promoting her.

Second, Epelbaum takes issue with the district court's dismissal of certain of her claims of discrimination. Epelbaum filed an EEOC charge in January 1998, but alleged in her complaint that the Board discriminated against her as early as 1991 (even though she did not start teaching in the Chicago public schools until 1994). The district court concluded that all of her claims of discrimination arising prior to March 1997 were barred because they oc-

curred more than 300 days before she filed her EEOC charge and Epelbaum failed to establish that the allegedly discriminatory acts were part of a continuing violation. Epelbaum does not pursue the continuing violation theory on appeal, but argues for the first time that the 300–day limit should have been equitably tolled because she did not discover the real reasons for the adverse employment actions taken against her until discovery in this case. Epelbaum never raised equitable tolling in the district court, however, and has waived this argument. *Schoenfeld v. Apfel,* 237 F.3d 788, 793 (7th Cir.2001).

Accordingly, the judgment of the district court is AFFIRMED. Epelbaum's "Motion for the Clarification the Third Request to Expedite the Settlement of This Case" is DENIED.