MARVIN BUCKELLEW, Plaintiff-Appellant, v. BOARD OF EDUCATION OF GEORGETOWN-RIDGE FARM COMMUNITY UNIT SCHOOL DISTRICT No. 4, Defendant-Appellee.

Fourth District   No. 4—90—0649

Opinion filed June 18, 1991.—Rehearing denied August 7, 1991.

LUND, P.J., specially concurring.

Ralph H. Loewenstein, of Deffenbaugh, Loewenstein, Hagen, Oehlert & Smith, P.C., of Springfield, for appellant.

Wendell W. Wright, of Wright Law Offices, of Danville, for appellee.

JUSTICE SPITZ delivered the opinion of the court:

Plaintiff Marvin Buckellew brought this action for a writ of *mandamus* and for declaratory judgment, contending he was protected as an educational support personnel employee under section 10—23.5 of the School Code (Code) (Ill. Rev. Stat. 1989, ch. 122, par. 10—23.5) from the reduction in hours effected by defendant school district. The circuit court of Vermilion County granted defendant school district's motion for summary judgment (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005), and plaintiff appeals.

Plaintiff was employed as a custodian by defendant Board of Education of Georgetown-Ridge Farm Community Unit School District No. 4 (District). Plaintiff began working for the District in 1984, as part of an Illinois Department of Public Aid work-experience program in which the District participated. By 1987, plaintiff was no longer part of this public aid program, but worked directly for the District. During this time, plaintiff worked the following hours: 1985—133 hours; 1986—1,465 regular hours and 34 overtime hours; 1987—2,033 regular hours and 68 overtime hours; 1988—

2,097 regular hours and 38 overtime hours; and 1989—1,928 regular hours and 84 overtime hours.

Testimony by the school superintendent and maintenance supervisor indicated plaintiff was not salaried, under express contractual relationship with the District, or subject to a collective-bargaining agreement, but was paid by the hour on a "day-to-day" and "as needed" basis. Although plaintiff consistently worked eight-hour days during 1987, 1988, and up to October 1989, he was still considered by the District to be a substitute or part-time employee. In minutes of school board meetings, plaintiff was never listed as a contractual or full-time employee, but appeared only on the noncertified substitute employee lists. While so employed, plaintiff was eligible for no employee benefits other than workers' compensation. In an undated letter plaintiff wrote to the District's superintendent, he apparently acknowledged he was not a full-time employee, stating: "I would like to have a full-time job."

On October 5, 1989, plaintiff was given a hand-delivered notice that beginning October 10, his regular working hours would run from 11 a.m. to 3 p.m. Plaintiff also received notice on March 12, 1990, that he would be honorably dismissed from employment with the District the following school year.

On February 2, 1990, plaintiff filed a petition for writ of *mandamus* and complaint for declaratory judgment, asking that he be reinstated to a "full-time" position and awarded damages equal to the difference between what he had been paid for working reduced hours since October 10, 1989, and what he would have been paid as a full-time employee. The circuit court granted summary judgment for the District, finding section 10—23.5 of the Code did not apply to plaintiff, due to his status as a nonpermanent employee, and therefore, the plaintiff was not entitled to the notice set forth in the statute.

■ Section 10—23.5 of the Code provides in pertinent part:

"Educational support personnel employees. *** If an educational support personnel employee is removed or dismissed as a result of a decision of the school board to decrease the number of educational support personnel employees employed by the board or to discontinue some particular type of educational support service, written notice shall be given the employee by registered mail at least 60 days before the end of the school term, together with a statement of honorable dismissal and the reason therefor." Ill. Rev. Stat. 1987, ch. 122, par. 10—23.5.

On appeal, plaintiff contests only his reduction in hours effective from October 1989 through the end of the 1989-90 school year, which he claims was made in violation of the 60-day notice requirement; he does not challenge the propriety of the honorable dismissal which followed. Plaintiff contends that since he worked eight-hour days for at least two years prior to the reduction notice, he was a full-time educational support personnel employee (despite the classification given to him by the school board) and, thus, statutory notice applied to him. Defendant argues this statutory notice does not apply to plaintiff since (1) he was neither removed nor dismissed on October 10, 1989, and (2) plaintiff was a part-time, substitute, and temporary employee.

██ █ "The primary rule of statutory construction is to ascertain and effectuate the legislature's intent in drafting that statute." (*International Bureau of Fraud Control, Ltd. v. Clayton* (1989), 188 Ill. App. 3d 703, 710, 544 N.E.2d 416, 421.) The term "educational support personnel" is not defined in the Code, but during debates concerning the amendment which added this language, *i.e.*, the 60-day notice provision (Pub. Act 85—647, eff. Sept. 20, 1987 (1987 Ill. Laws 2748)), the sponsor stated that "[e]ducational service personnel are the more than fifty thousand public school employees who serve in the capacity of secretaries, custodians, teacher aides, librarians and others." (85th Ill. Gen. Assem., Senate Proceedings, May 22, 1987, at 259 (statements of Senator Jacobs).) It thus appears that a custodian may fall within the designation of educational support personnel employee for purposes of the Code.

The record nevertheless shows that, despite his having worked an eight-hour day for several years, plaintiff received no employment-related benefits, was under no contract, was paid on a different cycle than contract personnel, and appeared on the District's list of substitute custodians. The relationship that existed between the plaintiff and the District was, at best, an implied contract at will, wherein plaintiff served on an "as needed" basis, and could stop working for the District at any time; the terms of this employment could likewise be modified at will. (*Ohlemeier v. Community Consolidated School District No. 90* (1987), 151 Ill. App. 3d 710, 716, 502 N.E.2d 1312, 1317.) Plaintiff remained a temporary and substitute employee irrespective of the number of hours he worked.

██ The sole issue before us is whether hours of part-time, substitute, or temporary educational support personnel employees may be reduced without the statutory notice described in section 10—23.5 of the Code. First of all, since this is a question of law and

no genuine issue of material fact exists, this is an appropriate case for the issuance of a summary judgment. (*Johnson v. American Family Mutual Insurance Co.* (1990), 193 Ill. App. 3d 794, 550 N.E.2d 668.) Second, even though plaintiff asks this court to apply a rule of statutory construction to interpret the statute in question, judicial construction of a statute is necessary only when the statute is unclear or ambiguous. (*Bergeson v. Mullinix* (1948), 399 Ill. 470, 78 N.E.2d 297; 34 Ill. L. & Prac. *Statutes* §101 (1958).) This rule is applied even though the language may be considered unwise or to cause a serious impairment to the statute as a whole. (*In re Jankowski* (1976), 38 Ill. App. 3d 95, 347 N.E.2d 474; 34 Ill. L. & Prac. *Statutes* §101 (1958).) Construction and interpretation of a statute is a question of law for the court, and regardless of the court's opinion regarding the desirability of the results surrounding the operation of the statute, the court must construe the statute as it is and may not, under the guise of construction, supply omissions, remedy defects, annex new provisions, substitute different provisions, add exceptions, limitations, or conditions, or otherwise change the law so as to depart from the plain meaning of the language employed in the statute. (*Belfield v. Coop* (1956), 8 Ill. 2d 293, 134 N.E.2d 249; *People v. McCoy* (1975), 29 Ill. App. 3d 601, 332 N.E.2d 690, *aff'd* (1976), 63 Ill. 2d 40, 344 N.E.2d 436; 34 Ill. L. & Prac. *Statutes* §102 (1958).) In ascertaining the meaning of a disputed statute, the threshold task of the court is to examine the terms of the statute. (*People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366, 357 N.E.2d 1180.) Section 10−235 of the Code is clearly not ambiguous and applies only to the removal or dismissal of such educational support personnel employees as plaintiff and does not apply to the reduction of their hours. Nevertheless, we will consider plaintiff's contention as well.

■■ ■ ·"[W]hen legislative intent is not clear it is proper to compare the statute in question with statutes concerning related subjects even though they are not strictly *in pari materia* [citation]." (*Biggiam v. Board of Trustees of Community College District No. 516* (1987), 154 Ill. App. 3d 627, 642, 506 N.E.2d 1011, 1021; see *People v. Badoud* (1988), 122 Ill. 2d 50, 55, 521 N.E.2d 884, 887.) Plaintiff argues since there is no Illinois case law interpreting section 10−23.5, this court should look to the terms of section 24−12 of the Code (Ill. Rev. Stat. 1987, ch. 122, par. 24−12) and the cases interpreting it. Section 24−12 of the Code reads in pertinent part:

"Removal or dismissal of teachers in contractual continued service. If a teacher in contractual continued service is re-

moved or dismissed as a result of a decision of the board to decrease the number of teachers employed by the board or to discontinue some particular type of teaching service, written notice shall be given the teacher by certified mail return receipt requested at least 60 days before the end of the school term, together with a statement of honorable dismissal and the reason therefor ***.'' Ill. Rev. Stat. 1987, ch. 122, par. 24—12.

"Any reduction in the extent of a teacher's employment falls within the meaning of 'removed or dismissed' ***." (*Catron v. Board of Education of Kansas Community Unit School District No. 3* (1984), 126 Ill. App. 3d 693, 696, 467 N.E.2d 621, 623.) Plaintiff contends the 60-day notice requirement of section 10—23.5 should likewise apply to reduction of hours as well as dismissal or removal.

However, section 24—12 governs the procedures for removal of teachers who are "in contractual continued service," in other words, tenured teachers. (*Neal v. Board of Education School District No. 189* (1977), 56 Ill. App. 3d 10, 12, 371 N.E.2d 869, 871.) The purpose of tenure is not only to afford stability of instruction for students, but also to afford job security for persons on such service status. *Arduini v. Board of Education of Pontiac Township High School, District 90* (1982), 92 Ill. 2d 197, 201-02, 441 N.E.2d 73, 76.

When interpreting a statute to determine intent, one must look first at the language of the statute itself. (*People ex rel. Scott v. Schwulst Building Center, Inc.* (1982), 89 Ill. 2d 365, 371, 432 N.E.2d 855, 858.) If, as plaintiff argues, these two sections were to be construed together regarding language concerning removal, dismissal, and reduction in time, it logically follows that each statute must likewise be applied strictly to only those employees expressly included within its terms. The term "contractual continued service" applies only to employees covered by section 24—12, and not to those covered by section 10—23.5. It is uncontested that plaintiff did not stand in such relationship with the District. Hence, plaintiff's argument regarding the application of section 24—12 to section 10—23.5 ultimately defeats his cause of action.

Further, were we to apply this statute to temporary or substitute educational support personnel employees, a district which increased such an employee's hours, or hired him for even one day, would be required to give this employee a 60-day notice prior to the end of that school term in order to make any reduction in the employee's hours, which change could not take place before the begin-

ning of the next school year. Such a possibility would circumvent the flexibility school districts have in this regard, constitute an unreasonable condition on already strained school finances, and limit a district's ability or motivation to hire temporary employees for the many seasonal and limited tasks common to a normal academic year. Therefore, public policy also militates against application of this statutory notice to temporary or substitute educational support personnel employees.

■■■ Accordingly, in view of the record before us and the substantive law on point, we hold that section 10—23.5 does not apply to an individual designated by the school board as temporary or substitute educational support personnel, irrespective of how many hours such an employee actually works.

For the foregoing reasons, the judgment of the Vermilion County circuit court is affirmed.

Affirmed.

McCULLOUGH, J., concurs.

PRESIDING JUSTICE LUND, specially concurring:

I agree that section 10—23.5 of the Code applies to custodian full-time employees. I believe the section could be made worthless if a reduction in hours could be used to circumvent its provisions. The section cannot be read as to apply to part-time employees.

It bothers me that employees who work 40 hours per week plus some overtime for over 2½ calendar years can be considered part time. However, the facts in this case, with plaintiff's acknowledgement of his status, taken with the extra work of consolidating two schools, adequately sustain the trial court's finding of temporary employment. Without the special facts present, I would be hard put to sustain a school district's avoidance of the section by using the term temporary employment.