No. 2--96--1299

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

RAY SPEAR, ) Appeal from the Circuit Court

) of Lake County.

Plaintiff-Appellant, ) 

) No. 96--L--271

v. )

)

BOARD OF EDUCATION OF NORTH )

SHORE SCHOOL DISTRICT No. 112, ) Honorable 

) Terrence J. Brady,

Defendant-Appellee. ) Judge, Presiding.

_________________________________________________________________

PRESIDING JUSTICE GEIGER delivered the opinion of the court:

The plaintiff, Ray Spear, a school custodian formerly employed by Highland Park School District No. 107 (District 107), appeals from the dismissal of his amended complaint alleging breach of contract by the defendant, the Board of Education of North Shore School District No. 112 (District 112 or new district).  We affirm. According to the pleadings, District 112, an elementary school district, was newly created as a combined school district after three former districts, including District 107, were legally dissolved pursuant to a voter referendum in the spring of 1992 held in accordance with article 11B of the School Code (Code).  See 105 ILCS 5/11B--1 
et seq
. (West 1992).  The plaintiff averred that District 112 breached an implied contract of employment when it did not employ him during the 1993-94 school year.  He asserted that the defendant's duty to hire him arose from the failure of dissolved District 107 to issue a notice of nonrenewal and honorable dismissal 60 days prior to the end of the 1992-93 school year as required by section 10--23.5 of the Code (105 ILCS 5/10--23.5 (West 1992)).  That section contains certain provisions regarding the employment and dismissal of educational support personnel, such as custodians.  The circuit court granted the defendant's motion to dismiss the amended complaint with prejudice, and this timely appeal followed. 

On appeal, the plaintiff contends that the trial court's decision to dismiss the amended complaint was erroneous.  He argues that (1) he had an implied contract of employment with District 112 by virtue of his prior employment at District 107 and because of the failure to receive the statutory notice of dismissal or nonrenewal; (2)  the newly created District 112 thereafter assumed a contractual obligation to employ him as a matter of law; and (3) he is entitled to reinstatement, contract damages, and consequential damages.  

The defendant refutes the plaintiff's claims and, in addition, argues that the cause of action is time-barred by the one-year statute of limitations found in section 8--101 of the Local Government and Governmental Employees Tort Immunity Act (Immunity Act) (745 ILCS 10/8--101 (West 1994)).  Our consideration of the relevant School Code provisions and the applicable law persuades us that the plaintiff does not have a cause of action against the defendant premised on a theory of an implied contract of continued employment. 

Plaintiff's first contention is that the failure of District 107 to give him a 60-day notice of dismissal created an implied contract of employment for the 1993-94 school year with the newly formed "successor" district.  Section 10--23.5 of the Code provides in pertinent part: 

"If an educational support personnel employee is removed or dismissed 
as a result of a decision of the school board to decrease the number of educational support personnel
 employees by the board or to discontinue some particular type of educational support service, written notice shall be given the employee by certified mail *** at least 60 days before the end of the school term, together with a statement of honorable dismissal and the reason therefor."  (Emphasis added.) 105 ILCS 5/10--23.5 (West 1992).  

The construction and interpretation of a statute is a question of law for the court, and, regardless of the court's opinion of the desirability of the results surrounding the operation of the statute, the court must interpret the statute as it is and may not, under the guise of construction, supply omissions, remedy defects, annex new provisions, substitute different provisions, add exceptions, limitations, or conditions, or otherwise change the law so as to depart from the plain meaning of the statute.  
Buckellew v. Board of Education of Georgetown-Ridge Farm Community Unit School District No. 4
, 215 Ill. App. 3d 506, 511 (1991).  

First, we observe that the plain language of the statute shows that this type of notice is required when an existing school board makes a decision to reduce the number of educational support personnel.  There is no 
evidence in the record that the board of District 107 made a decision to reduce the number of employees.  The statute is silent regarding the duty of a school district to provide the notice when it is dissolved by the voters and a new combined district is formed.  Thus, this provision does not appear to create a duty to notify which would be transferred to the new district.  

In arguing that he has an implied contract of continued employment because of the failure to receive the 60-day notice, the plaintiff relies on cases where the courts found a similar notice for teachers to be a mandatory prerequisite to their removal or dismissal (105 ILCS 5/24--12 (West 1992)).  They were cases where an existing school district sought to reduce the number of, or to dismiss, teachers subject to the Code's tenure provisions.  See, 
e.g.
, 
Koerner v. Joppa Community High School, District No. 21
, 143 Ill. App. 3d 162 (1986); 
Hagopian v. Board of Education of Tampico Community Unit School District No. 4
, 56 Ill. App. 3d 940 (1978). 
 Teachers subject to tenure, a status also known as "contractual continued service," are in a readily distinguishable class of school employees and are provided special statutory procedural safeguards (
Koerner
, 143 Ill. App. 3d at 167) which we believe do not apply to the plaintiff here. 

Despite the similarity of the 60-day notice provision to the one applicable to teachers, the plaintiff does not persuade us that he had a contract of employment equivalent to that of a teacher.  In the absence of a contract for a specific term, the plaintiff's employment is more readily characterized as employment at will, even though he may be hired on a yearly basis.  See 
Kepper v. School Directors of District No. 120
, 26 Ill. App. 3d 372 (1975); see also 
Buckellew
, 215 Ill. App. 3d at 510 (although custodian worked eight-hour days for several years on an "as needed" basis, he was not under "contract" and his employment relationship was at best "at will"; distinguished between support personnel and teachers subject to tenure).  

Under Illinois law, employment which is not for a fixed term is presumed to be at will and is "terminable by either party for good reason, bad reason, or no reason at all," and a pretermination notice requirement does not, without more, create a protectable property interest in continued employment.  
Rojicek v. Community Consolidated School District 15
, 888 F. Supp. 878, 884 (N.D. Ill. 1995) (school payroll employee deemed to be employed at will).  

In attempting to equate his "implied" contractual "right" to continued employment to that of teachers, the plaintiff fails to distinguish between the limited provisions governing support personnel and the specific, express terms of the Code providing for the continued employment of teachers pursuant to detailed procedural requirements.  See 105 ILCS 5/24--11 (West 1992).  Indeed, even where governmental employees such as teachers or principals may enjoy certain statutory benefits and protections arising under the tenure laws, our supreme court concluded in one case that these provisions do not create a 
contractual right
 to continued employment--although they may establish a property interest subject to due process procedural protections.  
Fumarolo v. Chicago Board of Education
, 142 Ill. 2d 54, 105-07 (1990). 

In short, the plaintiff does not have the more extended procedural protections enjoyed by teachers despite the similarity in the notice provisions for each class of employee.  Moreover, he does not have a contractual right to continued employment, implied or otherwise.  

Further support for our conclusion that the plaintiff does not have rights coextensive with those of teachers is found in article 11B of the Code governing the creation of combination school districts.  105 ILCS 5/11B--1 
et seq
. (West 1992).  When the creation of the new combined district becomes effective for purposes of administration (usually July 1 following the date of the election and after the time for appeal has run), section 11B--9 provides in pertinent part:

 "[T]he positions of teachers in contractual continued service in the districts involved in the creation of the new district are transferred to such newly created district pursuant to the provisions of Section 24--12 ***. The contractual continued service status of any teacher *** is not lost and the new board is subject to this Act *** in the same manner as if such teacher was the district's employee ***." 105 ILCS 5/11B--9 (West 1992).  

(This section was recently amended to allow the officers of the new district to take various actions, with the stipulation of the former districts, to conduct its affairs during the transition period--including the receipt and expenditure of funds from the former district.  However, support personnel are again not specifically provided for.  See 105 ILCS 5/11B--9 (West 1996).)

Although section 11B--9 provides for the transfer of tenured teachers from a dissolved district to a new combination district, it is significant that the Code fails to provide similar protections for educational support personnel (or even nontenured teachers).  The failure of the statute to include persons such as the plaintiff strongly intimates that the legislature did not intend to confer upon these persons a right to continued employment, and we will not correct the omission under the guise of statutory construction.  See 
Welch v. Johnson
, 147 Ill. 2d 40, 51-52 (1992).

The plaintiff further argues that the newly created combination District 112 assumed, as a matter of law, all of the assets and liabilities of District 107, as its successor, including the "employment contract" of the plaintiff and any liability for his "implied contract of employment."  The plaintiff cites 
Chalstran v. Board of Education of Township High School District 13
, 244 Ill. 470 (1910), and 
Board of Education, Community  Unit School District No. 325 v. Board of Education, Special Charter School District No. 150
, 2 Ill. App. 3d 643 (1971).  These cases are readily distinguishable.  

In 
Chalstran
, the reviewing court determined, based on equitable principles, that the assets of the dissolved school district, which were transferred to the township treasurer according to the statutes then in force, were to be made available for the payment of a debt arising from a written contract where the creditor had performed work on the dissolved district's building prior to the dissolution.  That case did not concern whether a successor district assumed liability for the contract and offers little guidance here.  

In 
District No. 325
, where the high school district was partially annexed to a special charter school district, the court determined that, under article 7 of the Code, the annexing district was entitled to receive the assets of the existing 
annexed
 district, including buildings and buses.  The court presumed that the annexing district also assumed all of the obligations of the annexed district, including employment contracts.  See Ill. Rev. Stat. 1963, ch. 122, par. 7--12 (now 105 ILCS 5/7--12 (West 1992)) ("annexing district *** shall receive all of the assets and assume all of the obligations and liabilities including the bonded indebtedness *** of the district annexed").   

District No. 325
 concerned the assumption of existing assets and liabilities by an annexing district under article 7 of the Code.  However, as we have pointed out, the provisions of article 11B regarding the creation of a new combination district
 are silent with respect to educational support personnel; there are no express provisions there stating the district must assume all of the obligations and liabilities of the dissolved districts--except for the transfer of tenured teachers and bond indebtedness.  See 105 ILCS 5/11B--9, 11B--11 (West 1992).  

The 
Chalstran
 and 
District No. 325
 
cases concerned existing contractual debts for work performed or existing assets to be transferred.  We have already ruled that the plaintiff had no vested contractual right to continued employment--either express or implied.  The statutes are silent with respect to the plaintiff's specific claim of continued employment.  Assuming 
arguendo
 (without deciding) that the successor district ought ordinarily to assume all the assets and liabilities of the defunct district, this plaintiff's claim would still not qualify as a liability or obligation of the new district.  He was not under a contract for a fixed term and could be dismissed at any time.  

The limited facts before us tend to show the existence of an implied dismissal of the plaintiff upon District 107's dissolution, rather than an implied contract of continued employment.  The legislature 
has not provided a remedy for a person such as the plaintiff, who is dismissed without notice under the circumstances presented.  We do not know whether this legislative omission was intentional and based on sound policy reasons or whether it was merely an oversight.  It is possible that the legislature intended to give such new districts a substantially clean slate to effectuate certain economies at least with respect to staffing.  In any case, we cannot supply new provisions under the guise of statutory construction.  In view of our conclusion that this plaintiff has no cause of action, we need not resolve the remaining issues raised by the parties.  

The judgment of the circuit court of Lake County is affirmed.

Affirmed. 

INGLIS and McLAREN, JJ., concur.