# Illinois Official Reports

## Appellate Court

---

**Haag v. Board of Education of Streator Elementary School District 44,**
**2017 IL App (3d) 150643**

---

| | |
|---|---|
| Appellate Court Caption | JOHN C. HAAG, DANIEL HARBACK, GREG MATAS, DAVID PETERSON, LAURIE BRAHAM, MICHAEL BREYNE, JOHN HENKEL, ELDON JENKINS, PATRICIA BIROS, MARY RUTH CLAYTON, BRENDA CONNOR, LAURA CONNESS, CINDY DUTKO, MICHELLE GAYON, SUE ELLEN HENSON, KATHY KMETZ, PAMELA LUCKEY, KATHLEEN MAGANA, TAMARA MUSHRO, TAMELA PANNO, PAMELA PODKANOWICZ, DIANA POMERANKE, REBECCA SAMEK, PATTI THORP, DEBRA WISSEN, DEBRA WOODWARD, MARY JANE LEE, DEBBIE SCOTT, and JOLYNN HAAGE, Formerly Known as JOLYNN PEACOCK, Plaintiffs-Appellants, v. THE BOARD OF EDUCATION OF STREATOR ELEMENTARY SCHOOL DISTRICT 44, Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-15-0643 |
| Filed | May 9, 2017 |
| Decision Under Review | Appeal from the Circuit Court of La Salle County, No. 14-MR-32; the Hon. Joseph P. Hettel, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Ralph H. Loewenstein, of Loewenstein & Smith, PC, of Springfield, for appellants.<br><br>Todd K. Hayden, of Robbins Schwartz Nicholas Lifton & Taylor, Ltd., of Bollingbrook, for appellee. |

Panel                           PRESIDING JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.
Justices Lytton and O'Brien concurred in the judgment and opinion.

## OPINION

¶ 1        The plaintiffs, educational support personnel (ESP) employed by the Board of Education of Streator Elementary School District 44 (Board), brought a declaratory judgment action against the Board, seeking reinstatement to full-time positions along with corresponding payment of back-pay and benefits. The plaintiffs maintained that the Board's action in issuing each plaintiff an honorable discharge from full-time employment and offering to re-hire each as a part-time employee violated their rights under section 10-23.5 of the School Code (Code). 105 ILCS 5/10-23.5 (West 2012). Following cross-motions for summary judgment, the circuit court of La Salle County granted the Board's motion for summary judgment and denied the plaintiffs' motion for summary judgment. The plaintiffs appealed.

¶ 2                                       BACKGROUND

¶ 3        The following facts are taken from the stipulations by the parties. The Streator Elementary School District operated under deficit reduction plans since 2008. The District was placed on the Illinois State Board of Education's (ISBE) financial watch list in 2012. Prior to that time, the District had been on the ISBE's financial warning list since 2009. At the conclusion of the 2012-13 school year, the plaintiffs were employed by the District as full-time custodians, special education aids, or behavior interventionists. The custodians' full-time employment was 40 hours per week and the other plaintiff's full-time employment was 37.5 hours per week.

¶ 4        On January 15, 2013, the Board held a regularly scheduled meeting at which the superintendent recommended the adoption of a deficit reduction plan that called for reducing all full-time ESPs to part-time employees with no more than 29 hours of employment per week. The Board subsequently adopted the superintendent's recommendation as part of an overall deficit reduction plan.

¶ 5        On February 25, 2013, the union representing the plaintiffs submitted a request to bargain over the impact of the Board's deficit reduction plan, including the decision to reduce the hours of any full-time employees. The union and the Board engaged in bargaining during the period from March 4, 2013, through July 2, 2013. The subject of the reduction of the plaintiffs' positions from full-time to part-time was a topic of discussion throughout the impact bargaining, with the union maintaining that the Board should not make the reductions and the Board maintaining that the move was a matter of economic necessity.

¶ 6        On March 19, 2013, the Board voted to reduce custodians to part-time, effective June 30, 2013, and to honorably dismiss three of the special education aids. On April 30, 2013, the Board voted to reduce the remaining special education aids to part-time, effective June 30, 2013. Notices of honorable dismissal were sent to those employees. On May 21, 2013, the remaining special education aids not previously notified were issued honorable dismissals.

¶ 7         As part of the 2012-13 budget deficit plan, the Board closed one of its schools, Oakland Park School, in June 2013, at the end of the 2012-13 school year.

¶ 8         On July 13, 2013, the Board implemented the deficit reduction plan, eliminated the plaintiffs' full-time positions, issued each plaintiff an honorable discharge, and advertised part-time positions to perform the job duties formerly performed by the plaintiffs. It appears from the stipulated record that all the impacted employees were offered employment in part-time positions.

¶ 9         The plaintiffs filed a petition, seeking a declaration by the circuit court that the Board violated section 10-23.5 of the Code (105 ILCS 5/10-23.5 (West 2012)) by attempting to "recall" the plaintiffs into part-time rather than full-time positions. The parties filed cross-motions for summary judgment. The court granted the defendant's motion, denied the plaintiffs' motion, and entered judgment for the defendants. The plaintiffs filed this appeal.

¶ 10                                    ANALYSIS

¶ 11        Summary judgment is properly granted when the pleadings, depositions, and affidavits show that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2012); *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1990). When parties file cross-motions for summary judgment, they agree that only a question of law is involved and invite the court to decide the issues based upon the stipulated record. *Pielet v. Pielet*, 2012 IL 112064, ¶ 28. Where a case is decided on summary judgment, our review is *de novo*. *Schultz v. Illinois Farmers Insurance Co.*, 237 Ill. 2d 391, 399-400 (2010). *De novo* review is also appropriate where, as here, a case must be decided based on the construction of a relevant statute, which presents a question of law. *Pielet*, 2012 IL 112064, ¶ 30.

¶ 12        At issue in the instant matter is section 10-23.5 of the Code, which provides:

"If an educational support personnel employee is removed or dismissed or the hours he or she works are reduced as a result of a decision of the school board (i) to decrease the number of educational support personnel employees employed by the board or (ii) to discontinue some particular type of educational support service, written notice shall be mailed to the employee and also given to the employee either by certified mail, return receipt requested, or personal delivery with receipt, at least 30 days before the employee is removed or dismissed or the hours he or she works are reduced, together with a statement of honorable dismissal and the reason therefor if applicable. However, if a reduction in hours is due to an unforeseen reduction in the student population, then the written notice must be mailed and given to the employee at least 5 days before the hours are reduced. The employee with the shorter length of continuing service with the district, within the respective category of position, shall be dismissed first unless an alternative method of determining the sequence of dismissal is established in a collective bargaining agreement or contract between the board and any exclusive bargaining agent and except that this provision shall not impair the operation of any affirmative action program in the district, regardless of whether it exists by operation of law or is conducted on a voluntary basis by the board. If the board has any vacancies for the following school term or within one calendar year from the beginning of the following school term, the positions thereby becoming available within a specific category of position shall be tendered to the

employees so removed or dismissed from that category or any other category of position, so far as they are qualified to hold such positions." 105 ILCS 5/10-23.5 (West 2012).

¶ 13    The plaintiffs argue that the Board violated section 10-23.5 of the Code in two ways: (1) by using an impermissible reason for reducing their hours of employment and (2) by not recalling them to full-time positions, instead hiring additional part-time employees so as to obviate the need for the recalling of full-time employees. Our resolution of these issues requires us to interpret the relevant statute in a manner that will effectuate the intent of the legislature, and the best evidence of legislative intent will be in the words of the statute itself. *Land v. Board of Education of the City of Chicago*, 202 Ill. 2d 414, 421 (2002); *Cook v. Board of Education of Eldorado Community Unit School District No. 4*, 354 Ill. App. 3d 256, 260 (2004). We will address each of the plaintiffs' two arguments in turn.

¶ 14    The plaintiffs first maintain that section 10-23.5 of the Code prohibits any reduction of their hours unless the purpose of the reduction is "to decrease the number [of] educational support personnel employed" by the Board or "to discontinue some particular type of educational support service." Here, they maintain that the Board's actions did not decrease the total number of educational support personnel employed by the Board, since the total number of employees actually increased after the hiring of additional part-time employees, nor did it discontinue any particular type of educational support service, since all of the educational support positions occupied by the plaintiffs continued to exist after the Board action at issue.

¶ 15    The plaintiffs argue that section 10-23.5 expresses a clear and unambiguous intent of the legislature to prohibit a school district from reducing the hours of educational support personnel *unless* the reduction of hours is to accomplish one of the two purposes stated in that section. The Board reads the same statutory provision as expressing a clear and unambiguous legislative intent to require notice and recall rights pursuant to section 10-23.5 *only* if the reduction of hours is for one of the two purposes stated in that section.

¶ 16    We first address the issue of whether the relevant section of the Code is ambiguous. When the plain language of a statute is clear and unambiguous, the legislative intent that is discernible from that language must prevail, and no resort to other tools of statutory construction is necessary. *Paris v. Feder*, 179 Ill. 2d 173, 177 (1997). "A statute is ambiguous if it is susceptible to two reasonable and conflicting interpretations." *Land*, 202 Ill. 2d at 426. "Only if the statutory language is ambiguous may we consider extrinsic aids for construction, such as legislative history, to determine legislative intent." *Id.* Further, where the language of the statute is unambiguous, a court must give it effect without reading into it exceptions, limitations, or conditions that are not expressly stated in the statute. *Id.* at 426-27; *Davis v. Toshiba Machine Co., America*, 186 Ill. 2d 181, 184-85 (1999). Moreover, it is a fundamental principle of statutory construction that we view all the provisions of a statute as a whole and that no single provision be viewed in isolation so as to create the appearance of an ambiguity. *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 504 (2000).

¶ 17    The plaintiffs maintain that section 10-23.5 of the Code unambiguously limits a school board's ability to terminate employment or reduce the hours of ESPs to only the two situations expressly mentioned in the statute. We find no clear legislative intent articulated in that section of the Code. While we recognize the maxim of statutory construction, *expression*

*unius est exclusion alterius* (the expression of one thing excludes any other thing), we also note its limitation. *Bridgestone/Firestone, Inc. v. Aldridge*, 179 Ill. 2d 141, 153-55 (1997). The maxim is applied only when it appears to point to the intent of the legislature, not to defeat an otherwise strong indication of legislative intent. *Id.* In other words, the maxim may be employed to resolve an ambiguity, not to create one. See *Sulser v. Country Mutual Insurance Co.*, 147 Ill. 2d 548, 555 (1992).

¶ 18   In the present case, we hold that language of section 10-23.5 cannot be read in isolation as suggested by the plaintiffs. We note that ESPs are considered to be "at-will" employees who have far less expectation of continued employment than teachers subject to the Code's tenure protection provisions. *Spear v. Board of Education of North Shore School District No. 112*, 291 Ill. App. 3d 117, 120 (1997); *Buckellew v. Board of Education of Georgetown-Ridge Farm Community Unit School District No. 4*, 215 Ill. App. 3d 506, 510 (1991); *Kepper v. School Directors of District No. 120*, 26 Ill. App. 3d 372, 375 (1977). The plaintiffs' reading of section 10-23.5 would put ESPs on an equal footing with certified teachers when it comes to expectations of continued employment and protections from employment termination or reduction of hours. This concept has been specifically rejected by our courts. *Spear*, 291 Ill. App. 3d at 120 ("Teachers subject to tenure, a status known as 'contractual continued service,' are in a readily distinguishable class of school employees and are provided special statutory procedural safeguards *** which we believe do not apply to [ESPs]."); *Buckellew*, 215 Ill. App. 3d at 512 (contractual continued service protections do not apply to those employees covered by section 10-23.5 of the Code). Relevant case law clearly establishes a legislative intent under the Code to distinguish between certified teachers and ESPs and to provide greater protections from lay-offs or reduction of hours to teachers. The plaintiffs' position is contrary to that precedent.

¶ 19   The plaintiffs next argue that the Board violated section 10-23.5 of the Code by not recalling them to full-time positions and instead hiring additional part-time employees so as to obviate the need for the recalling of full-time employees. We disagree. The statutory recall rights provided to ESPs under section 10-23.5 are limited to employees "removed or dismissed" from a specific category of position and requires a school district to recall effected employees to "that category or any other category of position, so far as they are qualified to hold such positions." 105 ILCS 5/10-23.5 (West 2012). The plaintiffs' argument, therefore, fails in two regards. First, recall rights under section 10-23.5 of the Code are triggered when employees are "removed or dismissed," not when their hours of employment have been reduced. See *Buckellew*, 215 Ill. App. 3d at 509. Second, the plaintiffs point to no authority, either in the School Code or elsewhere, to support their proposition that a school board cannot reduce the hours of employment of employees other than certified teachers. See *Piquard v. Board of Education of Pekin Community High School District No. 303*, 242 Ill. App. 3d 477, 484 (1993). Absent such express statutory authority, we are not convinced that the Board in the instant matter is precluded from recalling the plaintiffs to any category of positions for which they are qualified, without the ability to set the hours of employment. Simply put, the School Code provides tenure rights to full-time employment to a single category of employee (certified teachers), and the plaintiffs were not members of that category. They have failed to show that they are entitled to judgment as a matter of law. Conversely, the Board did establish that it was entitled to judgment as a matter of law, since the statutory framework of providing greater protections to tenured teachers than ESPs

supported the Board's actions.

¶ 20                              CONCLUSION

¶ 21      For the foregoing reasons, the judgment of the circuit court of La Salle County, granting the Board's motion for summary judgment and denying the plaintiffs' motion for summary judgment, is affirmed.

¶ 22      Affirmed.